DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**YEFRI MARTINEZ HERRERA and KELLY** )<br>**BRUNEY,** )<br>)<br>**Defendants.** )<br>) | Case No. 3:22-cr-0008 |

## ORDER

**BEFORE THE COURT** is the United States of America's (the "United States") Motion to Continue Trial. (ECF No. 48.) For the reasons stated herein, the Court will grant the motion. The time to try this case is extended up to and including October 3, 2022.

On April 22, 2022, the United States filed the instant motion to continue. The motion asserts that the United States has requested the English translations of "numerous" Spanish language recorded conversations and anticipates that this request will take "several months" to be completed. *Id.* at 1. The United States further asserts that it is awaiting the results of laboratory testing from the Drug Enforcement Administration ("DEA"). *Id.* Finally, the United States asserts that the instant case is being reassigned to a different Assistant United States Attorney who requires additional time to effectively prepare for trial. Defendant Yefri Martinez Herrera does not object to the motion. *Id.* at 2. Defendant Kelly Bruney also does not object to the motion, but counsel for Defendant Bruney has "indicated that he does not waive his client's speedy trial rights." *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice. Here, an extension of time is necessary to allow the United States to receive English translations of evidence, to receive the DEA report, and for the newly assigned attorney to prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice'

*United States v. Herrera et al.*
Case No.: 3:22-cr-0008
Order
Page 2 of 2

continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *see also United States v. Van Chase*, 137 F.3d 579, 583 (8th Cir. 1998) (suggesting that a continuance granted due to "a testing backlog at the FBI labs" was proper); *United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); 18 U.S.C. § 3161(h)(7)(B)(iv) (courts should consider "[w]hether the failure to grant such a continuance in a case which . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation").

The premises considered, it is hereby

**ORDERED** that the United States' motion to continue trial, ECF No. 48, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through October 3, 2022, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than September 23, 2022, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than September 28, 2022;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on October 3, 2022, in St. Thomas Courtroom 1.

**Dated:** May 3, 2022                     /s/*Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.